**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PAULA L. KRUMPACK IVKOVICH,        Case No. 1:16-cv-255

    Plaintiff,        Dlott, J.
       Bowman, M.J.
  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant's motion to remand (Doc. 14), Plaintiff's *pro se* responses in opposition (Docs. 15, 18), and Defendant's reply memorandum. (Doc. 14).

Defendant, the Commissioner of Social Security, requests that the Court: (1) reverse the Administrative Law Judge (ALJ)'s decision denying plaintiff's applications for Social Security disability benefits and Supplemental Security Income benefits, (2) enter judgment for plaintiff, and (3) remand this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Commissioner concedes that affirmance of the ALJ's decision is not warranted because the ALJ failed adequately explain her evaluation of the opinion by consultative examining physician Martin Fritzhand, M.D. In this regard, the Commissioner notes that, although the ALJ credited Dr. Fritzhand's exam findings and discounted the "mild" limitations to which he opined, the ALJ did not explain why she did not include in the RFC finding Dr. Fritzhand's opinion that claimant "may do best alternating from a weight-bearing to sitting position." (Tr. 20, 27).

1

As such, the Commissioner contends that the record evidence fails to firmly establish Plaintiff was disabled or entitled to a remand for disability benefits under the Social Security Act. In light of the record and the unresolved factual issues, Defendant therefore requests this matter be remanded to the agency for further proceedings.

Plaintiff filed a handwritten response requesting that the Court deny the motion for voluntary remand to the Commissioner. (Doc. 15). Plaintiff's response included subjective allegations regarding her condition and requested that this Court make an unbiased decision on her case. (Doc. 15). Plaintiff does not request any other relief. Plaintiff's unsupported allegations are not well-taken.

The undersigned recommends that the Commissioner's motion to remand be granted because this matter requires further fact-finding in order to determine if Plaintiff is disabled. Thus, on remand, the ALJ should be instructed to further evaluate the medical source opinions, including the opinions of consultative examining psychologist Martin Fritzhand, M.D. and to reevaluate Plaintiff's residual functional capacity (RFC).

### III. Conclusion and Recommendation

For these reasons, it is therefore **RECOMMENDED** that:

1. The Commissioner's motion to remand (Doc. 14) be **GRANTED**.

2. The ALJ's decision denying plaintiff's applications for disability benefits be **REVERSED**;

3. This matter be **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULA L. KRUMPACK IVKOVICH,        Case No. 1:16-cv-255

    Plaintiff,        Dlott, J.
       Bowman, M.J.
    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).